## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:  Gloria Wilson

|  |  |  |
|---|---|---|
|  | ) | 16 B 03794 |
|  | ) |  |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

| | |
|---|---|
| Gloria Wilson | Semrad Law Firm LLC |
| 323 S Litchfield Drive | 20 S Clark Street, 28th Floor |
| Round Lake, IL  60073 | Chicago, IL  60603 |

　　Please take notice that on April 29, 2016, at 11:00 a.m., a representative of this office shall appear before the Honorable Judge A. Benjamin Goldgar or any other Bankruptcy Judge who may preside in his place and stead, at North Branch Court, 1792 Nicole Lane, Round Lake Beach, IL  60073 and present this motion.

　　I certify that this office caused a copy of this notice to be delivered to the above listed debtor by depositing it in the U.S. Mail at 801 Warrenville Road, Lisle, Illinois 60532 and to all other listed parties electronically via the Court's CM/ECF system on April 19, 2016.

　　　　　　　　　　　　　　　　　　　　　　/s/ Glenn Stearns
　　　　　　　　　　　　　　　　　　　　　　For Glenn Stearns, Trustee

### MOTION TO DISMISS AND REQUEST FOR A 180 DAY BAR TO REFILING

　　Now Comes Glenn Stearns, Chapter 13 Trustee, requesting dismissal of the above case with a 180 Day bar to Refiling pursuant to 11 U.S.C. Sections 109 (g), 1307(c) and 349(a) and in support thereof, states the following:

1. On February 8, 2016 the debtor filed a petition under Chapter 13.

2. This is the debtor's third Chapter 13 filing in twenty nine months.

3. Debtor filed Chapter 13 case number 13 B 37726 on September 25, 2013.  This case was dismissed without confirmation on January 10, 2014, debtor made less than one plan payment.

4. Debtor filed Chapter 13 case number 15 B 00749 on January 12, 2015, this case was dismissed without confirmation on June 19, 2015.

5. Debtor appeared at her originally scheduled §341 Meeting on March 14, 2016, stated that she wanted to have her case converted to one under Chapter 7 and the Meeting was not held.

6. The debtor has not converted her case.

7. The debtor has made no plan payments.

8. If the debtor does not convert her case, it should be dismissed with a 180 day bar to refiling.

9. The debtor's failure to comply with the Bankruptcy Code and properly prosecute this case in debtor's third Chapter 13 filing in twenty nine months demonstrates that the debtor has filed this case in bad faith and has no ability or intention to complete a Chapter 13 plan.

10. Section 349(a) allows a bankruptcy court to bar future filings if cause exists to do so.

11. Dismissal with prejudice is proper for bad faith, serial filing cases. In re Standfield, 152 B. R. 528 (Bankr. N.D. Ill 1993). In re Herrera, 194 B.R. 178 (Bankr. N.D. Ill 1996).

WHEREFORE, the Trustee prays that this case be dismissed for cause pursuant to Section 1307 (c) and the debtor barred from filing any other bankruptcy case for 180 days pursuant to Sections 109 (g) and 349(a), and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee


/S/ Glenn Stearns
By: Glenn Stearns


Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
(630) 981 3888